IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUKUSITINO AFAMASAGA, JR.,<br><br>  Plaintiff,<br><br>vs.<br><br>Officer TIMOTHY ALLEN; Officer ROBERT ROBERTS; and CONTRA COSTA SHERIFF'S DEPARTMENT,<br><br>  Defendants.<br>_____ / | No. C 04-4779 WHA (PR)<br><br>**ORDER REOPENING CASE AND LIFTING STAY** |

This is a civil rights case filed pro se by a former inmate of the Contra Costa Jail. He contends that the two remaining defendants, officers Allen and Roberts, beat him in the course of arresting him. The case was stayed until completion of plaintiff's criminal case, as he was representing himself there and wished to direct his time and efforts to it. Plaintiff has now informed the Court that he was convicted, his case is now on appeal, and that he expects to have counsel appointed. He moves to lift the stay.

The motion to lift the stay (document number 28 on the docket) is **GRANTED**. The clerk shall reopen this case. The stay is **LIFTED**.

1. In order to expedite resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of entry of this order, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary

1 judgment, they shall so inform the court prior to the date their summary judgment motion is due.
2 All papers filed with the court shall be promptly served on the plaintiff.

3    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
4 court and served upon defendants no later than thirty days from the date of service of the
5 motion.  If defendants file a motion for summary judgement, plaintiff should note the warnings
6 previously provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998)
7 (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

8    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
9 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
10 should note of the warning headed "NOTICE -- WARNING (EXHAUSTION)," which was
11 provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

12    c. If defendants wish to file a reply brief, they shall do so no later than fifteen
13 days after the date of service of the opposition.

14    d. The motion shall be deemed submitted as of the date the reply brief is due.
15 No hearing will be held on the motion unless the court so orders at a later date.

16    2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
17 informed of any change of address by filing a separate paper with the clerk headed "Notice of
18 Change of Address."  Documents intended for filing in this case should be sent to the clerk, not
19 to the undersigned.  Plaintiff also must comply with the court's orders in a timely fashion.
20 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
21 Federal Rule of Civil Procedure 41(b).

22    **IT IS SO ORDERED.**

24 Dated: November   16  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.04\AFAMASAGA779.sched ord.wpd